**UNITED STATES of America,
Plaintiff,**

v.

**Styles TAYLOR and Keon
Thomas, Defendants.**

No. 2:01–CR–0073–AS.

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 17, 2003.

Philip Craig Benson, U.S. Attorney's Office—Hmd/IN, Hammond, IN, for Plaintiff.

David E Vandercoy, Valparaiso University Law Clinic, Valparaiso, IN, John E. Martin, Federal Community Defenders Inc.—Ham/IN, Hammond, IN, Keith A. Spielfogel, Scott J. Frankel, Chicago, IL, for Defendants.

## *ORDER*

ALLEN SHARP, District Judge.

This matter comes before the Court on Defendants Keon Thomas and Styles Taylor's Joint Motion to Declare Death Penalty Unconstitutional [DE 441]. The Government responded to Defendants Taylor and Thomas' Motion [DE 490][1]. For the

---

1. The Government's Response was filed on October 31, 2003 and exceeds the permitted pages limitations as provided in Local Rule 7.1. Rather than file the appropriate motion requesting permission to file a brief in excess of the 25–page limitation, the Government made its request in a footnote and stated, "[i]f such a request in this footnote is unacceptable, upon direction by the court, the government will file a separate motion requesting such leave from the local rules as may be necessary." The Court advises the Government that it is the parties' responsibility to file an appropriate motion outlining the extraordinary and compelling reasons for the excess of pages—as opposed to including the request in the excessive brief's footnote—as required by the L.R. 7.1 and that it is the Court's discretion to reject any brief that does not conform to the Federal or Local Rules. Any future briefs filed by any party that fails to adhere to the Federal or Local Rules will not be accepted nor considered.

following reasons, Defendants' Motion to Declare the Federal Death Penalty Unconstitutional is **DENIED.**

## BACKGROUND

Defendants Thomas and Taylor are charged with various violations of federal law concerning a robbery and murder at the Firearms Unlimited Gun Shop located in Hammond, Indiana. Specifically, Taylor and Thomas are charged with conspiracy to commit robbery of a federally licensed firearms store and murder in violation of 18 U.S.C. §§ 1951 and 2 (Count 1); armed robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); the murder of Frank Freund in violation of 18 U.S.C. §§ 924(j), 924(c)(1) and 1951 and 2 (Count 3); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 (Counts 4, 5 and 6).[2]

In their Joint Motion, Taylor and Thomas seek to have the Federal Death Penalty Act (FDPA) declared unconstitutional and the capital counts against them dismissed. In support of their motion, Defendants argue that the FDPA is unconstitutional based on (1) the holdings of *Apprendi*, *Ring* and *Fell;* (2) the fact that the FDPA fails to require the inclusion of non-statutory factors in the indictment; and (3) the inevitability that an innocent person will be executed causes it to violate the Fifth, Sixth, Eighth, and Fourteenth Amendments.

In Response, the Government rejects the Defendants' arguments and requests that the Court dismiss each of the Defendants' challenges to the constitutionality of the FDPA. Specifically, the Government maintains that the relaxed evidentiary standard of the FDPA conforms with the Fifth and Sixth Amendments; that the FDPA is not rendered unconstitutional under

der *Ring*, *Apprendi* or *Fell;* that neither the Indictment Clause nor the holdings of *Ring* or *Apprendi* require that the non-statutory aggravating factors be charged in the indictment; and that the FDPA is not rendered unconstitutional based on the mere possibility that an innocent person could be executed.

Before this Court addresses each of Defendants' challenges to the FDPA, an outline of the procedural requirements contained in the FDPA would be useful.

### Overview of the Death Penalty Statutes

A jury must follow certain procedural requirements before it can impose the death penalty under 18 U.S.C. § 3591. Under § 3591, the jury must first determine whether one of the threshold culpability factors enumerated in 18 U.S.C. § 3591(a) is present. If the jury does not unanimously find beyond a reasonable doubt that the requisite threshold (or necessary aggravating) factors have been proven, the death penalty cannot be imposed. In the event that the jury finds the requisite factors, the jury must then consider the statutory aggravating factors alleged by the government in its notice to seek the death penalty. The jury must determine whether the government has proven at least one of the statutory factors in 18 U.S.C. § 3592 beyond a reasonable doubt. 18 U.S.C. § 3593(c) and (d). If the jury finds the government has not made the requisite showing, the death penalty cannot be imposed. 18 U.S.C. § 3593(d).

However, if the jury finds the requisite statutory aggravating factor(s) have been proven beyond a reasonable doubt, it must then weigh that factor or factors, and any non-statutory aggravating factors, against any mitigating factors to determine whether the death penalty is appropriate. 18

---

**2.** Defendant Taylor is charged in Count 4 of felon in possession of a firearm, whereas Defendant Thomas is charged as a felon in possession in Counts 5 and 6.

U.S.C. § 3593(d) and (e). Non-statutory aggravating factors, like their statutory counterparts, must be unanimously found by the jury beyond a reasonable doubt; whereas mitigating factors need only be established by a preponderance of the evidence. 18 U.S.C. § 3593(c). Finally, any juror that finds that a mitigating factor exists may consider it in deliberation— unanimity is not required. 18 U.S.C. § 3593(c) and (d).

### 1. The FDPA is not rendered unconstitutional under Apprendi, Ring and Fell [3]

Defendants Taylor and Thomas appear to present a two-pronged challenge based on the holdings of Apprendi, Ring, and Fell. First, Defendants discuss Apprendi and Ring and claim that the FDPA is unconstitutional since it does not require the statutory aggravating factors to be charged in the indictment. Additionally, in an underdeveloped argument, Defendants seem to contend that the FDPA is unconstitutional because it does not require a jury to find the existence of aggravating factors. Second, Defendants rely on Fell to argue that the FDPA is fatally flawed because it does not apply the Federal Rules of Evidence in the sentencing phase of a capital trial.

### a. Statutory Aggravating Factors

■ As a preliminary matter, this Court finds, consistent with Apprendi and Ring that the FDPA's mental culpability requirements set forth in § 3591(a) and the statutory aggravating factors set forth in § 3592(c) increase the maximum penalty beyond that provided in the statute. Therefore, following Apprendi, these requirements are considered the functional equivalents of a greater offense. Howev-

er, unlike Arizona's capital sentencing scheme at issue in Ring, which allowed a trial judge to determine the presence or absence of statutory aggravating factors, the FDPA requires such factors to be found by a jury beyond a reasonable doubt. See 18 U.S.C. § 3593; see also Ring, 536 U.S. 584, 609, 122 S.Ct. 2428, 2443, 153 L.Ed.2d 556 (2002)(invalidating Arizona's death penalty statute "to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for the imposition of the death penalty ... the Sixth Amendment requires that they be found by a jury.") This provision, enacted eight years prior to the Court's decision in Ring, is wholly consistent with the treatment of statutory aggravating factors as elements of an offense as mandated by Apprendi.

■ Turning to the case at bar, the Court finds that the Defendants' arguments are without merit. First, the Court finds that the FDPA is in the limits of both Ring and Apprendi by requiring that the statutory aggravating factors, which are considered the functional equivalent of an element of the offense, to be considered by a jury and proven beyond a reasonable doubt. Next, the Court finds the Government has satisfied the requirement that any fact that is the functional equivalent of an element of an offense be charged in the indictment by presenting these facts to the grand jury which in turn, returned the Second Superseding Indictment which contains the statutory aggravating factors and mental culpability requirements. In fact, the Defendants concede this point in their joint brief. (Def's Jt. Mot. at 4). For the foregoing reasons, this Court find that Defendants' constitutional challenge of the FDPA's on the basis that its provisions do

---

**3.** The triumvirate of cases upon which Defendants rely on are *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *United States v. Fell*, 217 F.Supp.2d 469 (D.Vt.2002).

not conform to the requirements of *Apprendi* and *Ring* is without merit.

### b. Evidentiary Standard Employed at Sentencing Phase

Defendants Taylor and Thomas rely on a recent decision by the United States District Court for the District of Vermont in support of their argument that the FDPA is unconstitutional due to the relaxed evidentiary standard employed during the penalty phase of a death penalty case. *See United States v. Fell*, 217 F.Supp.2d 469, 489 (D.Vt.2002). In *Fell*, the court held that the relaxed evidentiary standard provided under the FDPA for the penalty phase of a capital prosecution violates a defendant's rights under the Due Process Clause of the Fifth Amendment and confrontation and cross-examination provisions of the Sixth Amendment. *Id.* at 485. For the following reasons, this Court respectfully declines to follow the analysis set forth in *Fell* and finds that the evidentiary standard found in § 3593(c)[4] of the FDPA upholds the constitutional required balance between the needs for heightened reliability and individualized sentencing by enabling the judge, as gatekeeper, to bar unreliable or unfair sentencing information. See 18 U.S.C. § 3593(c).

 The ultimate question raised with Defendants' challenge to § 3593 is whether the FDPA must incorporate the Federal Rules of Evidence into its provisions to withstand constitutional scrutiny. This Court finds, as other courts have, that the Due Process Clause of the Fifth Amendment and the rules of evidence are not synonymous. *See United States v.*

*Mikos*, No. 02 CR 137–1, 2003 WL 22110948, at *10 (N.D.Ill. Sept. 11, 2003). Rather, "the Due Process Clause is the baseline standard with which a statute must comply to remain fundamentally fair, and the rules of evidence is a set of heightened procedural rules that go beyond the minimum standards required by the Fifth Amendment." *Id.* In actuality, § 3593(c) is broader in scope than Rule 403, the corresponding exclusionary provision under the Federal Rule of Evidence. While both provisions balance the probative value of evidence against the prejudicial effect, Rule 403 allows a trial judge to exclude evidence only if its probative value is *substantially* outweighed by its prejudicial effect whereas § 3593(c) permits exclusion of evidence whenever its prejudicial effect outweighs its probative value. Under both provisions, the judge, as gatekeeper, has the ability to exclude any evidence from trial that he deems overly prejudicial, confusing, or misleading. As a result, the FDPA enables a judge to act in compliance with the constitutional constraints of the Fifth and Sixth Amendments. Thus, the evidentiary provisions of the FDPA "should result in the exclusion of evidence that would violate the accused's right to a fair trial." *Id.* (quoting *United States v. Matthews*, 246 F.Supp.2d 137, 146 (N.D.N.Y.2002)).

Furthermore, it should be noted that the Supreme Court has consistently upheld sentencing schemes that allow for broad consideration of evidence during sentencing hearings. *See Schlup v. Delo*, 513 U.S. 298, 326, n. 44, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(holding that reduced procedural

---

4. The section provides:

The defendant may present any information relevant to a mitigating factor. The government may present any information relevant to an aggravating factor for which notice has been provided under subsection (a). Information is admissible regardless of

its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if the probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.

18 U.S.C. § 3593(c).

protections at sentencing is appropriate); *Romano v. Oklahoma,* 512 U.S. 1, 7, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994)(holding that "traditional latitude ... extends to evidentiary rules as sentencing proceedings"); *Payne v. Tennessee,* 501 U.S. 808, 820–21, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991)(holding that "a sentencing authority has always been free to consider a wide range of relevant material"). Moreover, aside from *Fell,* the federal courts that have entertained the issue of § 3593's constitutionality have upheld it. *See Mikos,* 2003 WL 22110948, at *12; *Matthews,* 246 F.Supp.2d at 146; *United States v. Regan,* 221 F.Supp.2d 672, 681–83 (E.D.Va.2002); *United States v. Minerd,* 176 F.Supp.2d 424, 434–36 (W.D.Pa.2001); *United States v. Frank,* 8 F.Supp.2d 253, 268 (S.D.N.Y. 1998); *United States v. Nguyen,* 928 F.Supp. 1525, 1546–47 (D.Kan.1996), *cert. denied,* 525 U.S. 1167, 119 S.Ct. 1086, 143 L.Ed.2d 87 (1999); *United States v. Pitera,* 795 F.Supp. 546, 565 (E.D.N.Y.1992), *cert. denied,* 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994); *United States v. Llera Plaza,* 179 F.Supp.2d 444, 452–53 (E.D.Pa.2001).

Therefore, for the reasons outlined above, Defendants Taylor and Thomas's challenge to the FDPA on the grounds of a "relaxed" evidentiary standard must be rejected. However, out of an abundance of caution, this Court will apply the Federal Rules of Evidence if this case proceeds to the sentencing phase of the trial.

### 2. *Non-statutory Aggravating Factors need not be included in the Indictment*

■ In their second challenge to the FDPA, Defendants Thomas and Taylor argue that the FDPA is unconstitutional because it fails to require the inclusion of non-statutory aggravating factors in the indictment. Specifically, Thomas and Taylor contend that the non-statutory aggravating factors operate as the functional equivalent of an element of the offense and therefore they should be presented to the grand jury and included in the indictment. The Defendants argue that the FDPA runs counter to *Ring* and *Apprendi,* since it does not treat the non-statutory aggravating factors as the functional equivalents to an element of the offense and therefore it is unconstitutional.

In Response, the Government rejects Defendants' position and states that Defendants' argument rests on two false presumptions—(1) that *Ring* and *Apprendi* require that all non-statutory factors be submitted to the grand jury and (2) therefore, the FDPA is unconstitutional because it does not require this procedure. The Government submits that neither *Ring* nor *Apprendi* require the non-statutory aggravating factors be included in the indictment and that the omission of such a requisite do not render the FDPA unconstitutional. The Court agrees.

Defendants Taylor and Thomas' argument erroneously assumes that non-statutory aggravating factors serve the same function as statutory aggravating factors. However, "statutory aggravating factors narrow the class of defendants eligible for the death penalty, whereas non-statutory aggravating factors serve the separate 'individualizing' function that ensure that the 'jury [has] before it all possible relevant information about the individual defendant whose fate it must determine.' " *United States v. Johnson,* No. 96–CR 379, 1997 WL 534163, at *6 (N.D.Ill. Aug.20, 1997)(quoting *United States v. Walker,* 910 F.Supp. 837, 855 (N.D.N.Y.1995)). Therefore, unlike the statutory aggravating factors which act as the functional equivalents of a greater offense, the non-statutory aggravating factors alone cannot increase the maximum penalty beyond that provided in the statute. Neither the holdings in *Apprendi* nor *Ring* require that the non-

statutory aggravating factors be charged in the indictment. Therefore, this Court finds that the Defendants' constitutional challenge of the FDPA based on the non-statutory aggravating factors is without merit and is denied.

### 3. *The FDPA is not unconstitutional based on the mere possibility that an innocent person could be executed*

■ In their final challenge, Defendants Thomas and Taylor claim that the FDPA will result in the execution of innocent persons and therefore is unconstitutional. In support of their position, Defendants rely heavily on the case of *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), and the Supreme Court's discussion regarding the probability of an innocent person being executed in the larger context of the constitutionality of capital punishment. Specifically, Defendants hinge their argument regarding the FDPA's constitutionality on the *Herrera* Court's observation that "nowhere does the Court state that the Constitution permits the execution of an actually innocent person." *Id.* at 506 U.S. at 428, 113 S.Ct. at 873 [5]. Furthermore, Defendants point to the two U.S. District Courts that have relied on *Herrera* to support their conclusion that the FDPA may eventually result in the execution of an innocent person, *See United States v. Sampson,* 275 F.Supp.2d 49 (D.Mass.2003)(finding that the defendant did not demonstrate that the FDPA was unconstitutional despite the risk in executing an innocent person); *United States v. Quinones,* 196 F.Supp.2d 416 (S.D.N.Y.2002), *rev'd* 313 F.3d 49, *reh'g denied,* 317 F.3d 86 (2nd Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 807, 157 L.Ed.2d 702 (2003). None of the authorities that Defendants rely on convince this Court to find that the FDPA is unconstitutional due to an unsubstantiated risk of executing the innocent.

In *Quinones,* Judge Rakoff of the Southern District of New York reasoned that because a number of death row inmates have been exonerated—in large part due to recent developments in DNA testing—it has been shown that "traditional trial methods and appellate review" are not able to avert the execution of an innocent person. *Quinones,* 205 F.Supp.2d at 264. According to Judge Rakoff, the FDPA is unconstitutional, specifically violating the Fifth Amendment's Due Process Clause, since there is an inherent unreliability in determining the guilt of a criminal defendant and because the death penalty is irreversible thus causing an undue risk that an innocent person will be denied the ability to eventually prove that innocence. *Id.* Judge Rakoff appears to have relied heavily on a study which examined appeals in state capital cases that showed an alarming rate of prejudicial error in the American capital punishment system. *See Quinones,* 196 F.Supp.2d at 418 (quoting James S. Liebman, et al., *A Broken System: Error Rates in Capital Cases, 1973–1995* (2000)). Despite the alarming nature of the conclusions of the report relied on by Judge Rakoff, for the following reasons this Court declines to follow *Quinones* and further notes that Defendants' reliance on its holding is infirm since the *Quinones* court has been reversed and certiorari denied.

Turning to *Herrera,* this Court finds little support for Defendants' assertion that the FDPA is unconstitutional based on the prospect of an innocent person being executed under its provisions. The

---

**5.** The *Herrera* case involved a habeas petition from a petitioner who was tried and convicted of capital murder and was sentenced to death in the Texas state judicial system. The FDPA, or the question of its constitutionality, were not at issue or in any way discussed in the Supreme Court's opinion.

case of *Herrera* involved habeas corpus claims by a state prisoner sentenced to die that he had newly discovered evidence of his innocence. The prisoner argued that it would be a violation of due process for the state to execute him if he was in fact innocent of the murders that he was convicted of committing. The Supreme Court did observe that the prisoner's argument has "elemental appeal" since "the central purpose of any system of criminal justice is to convict the guilty and free the innocent." *Herrera,* 506 U.S. at 398, 113 S.Ct. at 859. Notwithstanding this observation, the Court rejected the prisoner's argument, noting that he had not shown that he had been denied any constitutional right by the state during the course of its prosecution, and stated that "[d]ue process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Id.* at 399, 113 S.Ct. at 860(quoting *Patterson v. New York,* 432 U.S. 197, 208, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)). The Court found that the state prisoner in *Herrera* had received all of the protections guaranteed by the Constitution and held that he therefore did not have a "freestanding claims of actual innocence." *Id.* at 405, 113 S.Ct. at 862–63. Thus, the Supreme Court's decision in *Herrera* "forecloses the argument that the inherent fallibility of the criminal justice system supports a due process attack on the death penalty." *United States v. Church,* 217 F.Supp.2d 700, 702 (W.D.Va. 2002)

.Moreover, even assuming that the alarming error rate in capital cases accounted in the report relied on by Judge Rakoff is accurate, the issue before this Court in the case at bar is not the reliability of *state* death penalty prosecutions, but rather *federal* capital prosecutions. This Court finds that since this is a federal death penalty case, it is appropriate to examine federal statistics in evaluating the FDPA since statistics or anecdotes on state convictions are of no significance in such an evaluation. Turning to theses statistics, according to the Capital Defense Network, it appears that since the current federal capital system took effect, thirty-two defendants face execution after being convicted of a capital crime. None of these persons have had their convictions reversed; five have had their sentences set aside for reasons unrelated to their guilt or innocence, and of those the government has decided not to reseek the death penalty in two cases. One defendant has had his death sentence commuted to life imprisonment. Only three defendants—including Oklahoma City bomber Timothy McVeigh and drug kingpin and murderer Juan Garza—have been executed under the federal death penalty provisions.[6] This Court follows other courts in finding that based on these statistics regarding the federal death penalty system, that the "federal experience with death penalty cases certainly does not support an argument that the federal court system is likely to convict the truly innocent." *Church,* 217 F.Supp.2d at 702; *United States v. Denis,* 246 F.Supp.2d 1250, 1253 (S.D.Fla. 2002)(same); *Mikos,* 2003 WL 22110948, at *13–14 (rejecting defendant's argument that the FDPA is unconstitutional under *Quinones* and *Herrera* ).

Lastly, this Court recognizes that the question of whether capital punishment should be abolished in this country is a controversial issue—one that has strong support on either side of the coin. However, it is this Court's belief that such a question as the continuation or abolition of the death penalty in our nation is one that must be reserved for our elected leaders to determine through the legislative process,

**6.** Dick Burr, et al, *An Overview of the Federal Death Penalty Process,* September 23, 2003.

rather than by unelected and life-tenured federal judges.

Thus, Defendants Thomas and Taylor's challenge to the constitutionality of the FDPA based on the possibility of an innocent person being put to death, is rejected and their request for all the capital counts of the indictment to be dismissed, is denied.

## CONCLUSION

For the foregoing reasons, the Court hereby:

- **DENIES** Defendants Keon Thomas and Styles Taylor's Joint Motion to Declare Death Penalty Unconstitutional [DE 441];
- **GRANTS** Government's Request to Exceed Page Limitations; and
- **ORDERS** that all parties adhere to the Local Rules in filing briefs in this matter, including time for filing briefs, length and form of briefs. Any briefs filed that fail to conform to the requirements of the Federal and Local Rules will not be considered.

**SO ORDERED.**